# In the United States Court of Federal Claims

No. 25-1129C
Filed: March 10, 2026
NOT FOR PUBLICATION

---

SALVADOR DIAZ,

      *Plaintiff,*

v.

UNITED STATES,

      *Defendant.*

---

*Wojciech Z. Kornacki*, Pentagon Law Office, Washington, DC, for the plaintiff.

*Nathanael Brown Yale*, Commercial Litigation Branch, U.S. Department of Justice, Washington, DC, for the defendant.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

In this military-pay case, the plaintiff, Salvador Diaz, served in the United States Navy ("the Navy") for more than 20 years. In December 2000, the plaintiff was court martialed and convicted of rape and indecent acts. He was sentenced to nine years in prison, a reduction in rank, and a dishonorable discharge.

On July 2, 2025, the plaintiff sued the United States, acting through the Navy, challenging his dishonorable discharge and seeking reinstatement and recovery of back pay from the date of his conviction. The plaintiff alleges that the Navy acted in a manner that was arbitrary, capricious and contrary to law and that reviews of his trial and conviction were plagued by due process violations, fraud, delay, and bias against him.

On January 13, 2026, the defendant moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") as untimely. The defendant argues that the plaintiff brought his claim more than 18 years after his discharge, and the applicable statute of limitations deprives the court of jurisdiction to consider the plaintiff's claims. The defendant also argues that the plaintiff's complaint should be dismissed for failure to state a claim because it is barred by both res judicata and collateral estoppel.

The plaintiff's claim for back pay accrued, at the latest, on April 16, 2007, when the Supreme Court denied his petition for a writ of certiorari. His subsequent appeals before the Navy-Marine Corps Court of Criminal Appeals ("NMCCA"), the Board for Correction of Naval

Records ("BCNR"), and various federal courts do not toll or restart the applicable six-year statute of limitations set forth in 28 U.S.C. § 2501. As a result, the motion to dismiss is granted, because the plaintiff's claim for wrongful discharge is untimely and must be dismissed for lack of jurisdiction.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff enlisted in the Navy in August 1980 and entered active duty in October of that same year. On December 1, 2000, after 20 years of service, the plaintiff was court martialed and convicted of three specifications of rape and two specifications of indecent acts, in violation of Articles 120 and 134 of the Uniform Code of Military Justice ("UCMJ"). *See United States v. Diaz*, 61 M.J. 594, 596, 598-99 (NMCCA 2005).

As a result of his conviction, the plaintiff forfeited all pay and allowances, received a reduction in rank from Chief Petty Officer (pay grade E-7) to Seaman Recruit (pay grade E-1), was sentenced to nine years in prison, and was dishonorably discharged upon release from prison. *Id*. The plaintiff completed his prison sentence and was discharged on March 13, 2007.

Prior to his discharge, the plaintiff appealed his conviction to the NMCCA, which denied him relief on March 23, 2005. *Id*. The plaintiff then appealed to the Court of Appeals for the Armed Forces, which also affirmed his conviction. *See United States v. Diaz*, 64 M.J. 176 (CAAF 2006). During his confinement and since his release, the plaintiff continued to seek review of his conviction, filing petitions for certiorari and habeas corpus and challenging his court-martial conviction or conditions of confinement in two federal district courts, along with related appeals.[1]

---

[1] *See Diaz v. McGuire*, No. 02-3271 (D. Kan. Nov. 1, 2004); *Diaz v. Harrison*, No. 04-3401 (D. Kan. Sept. 18, 2006); *Diaz v. Inch*, No. 06-3306 (D. Kan. Sept. 28, 2007). All three petitions were denied, and the plaintiff appealed two of the denials. The Tenth Circuit affirmed both. *Diaz v. Inch*, 268 F. App'x 802, 803 (10th Cir. 2008); *see also Diaz v. McGuire*, 154 F. App'x 81 (10th Cir. 2005). In 2007, the plaintiff sought certiorari, which was denied. *See Diaz v. United States*, 549 U.S. 1356 (2007).

The plaintiff also attempted to challenge his conviction through two civil actions in the U.S. District Court of the Southern District of New York. *See* Compl., *Diaz v. Dep't of Def.*, No. 08-CV-370 (S.D.N.Y. Jan. 15, 2008); *See* Compl., *Diaz v. Judge Advocate Gen. of the Navy*, No. 10-CV-1316 (S.D.N.Y. Feb. 18, 2010). His complaints were dismissed. *See* Mem. Dec., *Diaz v. Dep't of Def.,* No. 08-CV-370 (S.D.N.Y. October 23, 2008); Order, *Diaz v. Judge Advocate Gen. of the Navy*, No. 10-CV-1316 (S.D.N.Y. May 5, 2010). He appealed the dismissal of his complaint against the Navy Judge Advocate General and the Second Circuit affirmed. *See Diaz v. Judge Advocate Gen. of the Navy*, 413 F. App'x 342 (2d Cir. 2011).

In February 2025, the plaintiff petitioned the BCNR, alleging that he had been denied due process in his court-martial proceedings and seeking reinstatement.  The plaintiff argued that the Navy had unlawfully and arbitrarily discharged him on March 13, 2007, by releasing him without a required separation physical examination.  On March 10, 2025, the BCNR denied the plaintiff's application for relief.  On April 2, 2025, the plaintiff filed a request with the BCNR for reconsideration, which was denied on April 4, 2025.

On July 2, 2025, 18 years after his discharge from the Navy, the plaintiff, acting pro se, filed a complaint in this court challenging his 2007 discharge and seeking back pay from his time of conviction.  The plaintiff asserts that his court-martial was "fundamentally unfair," and that he was denied due process.  He alleges that the charges against him were improperly re-referred to a general court martial without explanation, his defense counsel had an unmitigable conflict of interest, and his defense counsel provided him with ineffective assistance.  (ECF 1 at 3.)

The plaintiff also alleges that reviews of his court martial trial and subsequent conviction have been plagued by due process violations, fraud, delay, and bias against him.  According to the plaintiff, the NMCCA erred in its resolution of his conflict-of-interest claim against his prior defense counsel.  (ECF 18 at 13.)  The plaintiff also alleges that the BCNR's conclusions denying his application for relief were arbitrary and unsupported by both the evidence and the law.  The plaintiff claims that the BCNR violated 10 U.S.C. § 1552(a)(3)(B) when it concluded that the plaintiff had failed to provide evidence to substantiate due process violations.  (ECF 1 at 7.)[2]

On January 13, 2026, the defendant moved to dismiss the complaint under RCFC 12(b)(1) and 12(b)(6).  The plaintiff responded on February 8, 2026, and the defendant replied on February 24, 2026.  Oral argument was held on March 10, 2026.

## II.    STANDARDS OF REVIEW

The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence.  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  If a

---

The plaintiff has also collaterally attacked his military conviction during related criminal proceedings in the Southern District of New York.  *See United States v. Diaz*, 2018 WL 5282882 (S.D.N.Y., Oct. 24, 2018) (convicting the plaintiff of failing to register as a sex offender under the Sex Offender Registration and Notification Act), *aff'd*, 967 F.3d 107 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1424 (2021).

[2] After he filed the complaint, the plaintiff was referred to the court's pro bono program and obtained volunteer legal assistance.  The Court expresses its gratitude to the plaintiff's pro bono attorney, whose representation reflects the finest traditions of the Bar.

court finds that it lacks subject-matter jurisdiction over a plaintiff's claim, RCFC 12(h)(3) requires dismissal of the claim.

To determine the existence of jurisdiction, a "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id*. When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the government does not controvert are accepted as true. *Shoshone Indian Tribe of Wind River Rsrv. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012). In resolving a disputed predicate facts in a challenge to jurisdiction under RCFC 12(b)(1), "'[the] court is not restricted to the face of the pleadings but may review evidence extrinsic to the pleadings.'" *Id.* (cleaned up) (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994)).

Dismissal for failure to state a claim upon which relief can be granted "is appropriate when the facts asserted by the claimant do not entitle [the claimant] to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). A court must both accept as true a complaint's well-pleaded factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and draw all reasonable inferences in favor of the non-moving party. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). To avoid dismissal, a complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing that the plaintiff is entitled to the relief sought. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## III.    DISCUSSION

In its motion to dismiss the defendant argues that the statute of limitations deprives the court of jurisdiction to consider the plaintiff's claims. If the court finds it has jurisdiction, however, the defendant argues that the plaintiff has failed to state a claim because his claims are barred by res judicata and collateral estoppel. The defendant contends that the plaintiff has unsuccessfully litigated an identical challenge and raised the same issues of lawfulness and constitutionality of his court-martial in district court.

The plaintiff responds that his wrongful discharge claim is not time-barred because "the Constitutional violations have not been resolved through the military justice system and he did not have a fair chance to litigate" these violations. (ECF 18 at 7.) He claims that his prior administrative and appellate reviews resulted in additional constitutional and procedural violations. The plaintiff argues that his claims accrued not at the time of his discharge but on the date of these additional violations or at the conclusion of the administrative and appellate reviews. (*Id*.) He maintains that his dishonorable discharge from the Navy was improper because the Supreme Court had yet to deny his petition for certiorari and thus his court-martial conviction was not final. (ECF 1 at 1-2.)

In response to the government's failure to state a claim argument, the plaintiff contends his claims are not barred by res judicata nor collateral estoppel. The plaintiff argues that prior federal courts failed to fully consider the merits of his action, that his current claims are not identical to those brought in federal court, and that he did not have a fair opportunity to litigate his claims.

The statute of limitations for claims brought to the Court of Federal Claims is six years from the date the claim accrues. 28 U.S.C. § 2501. The Supreme Court has held that this statute of limitations sets an "absolute" deadline for a plaintiff to file a claim. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008). This statute of limitations is not subject to tolling. *Id*.

The Federal Circuit has made clear that the statute of limitations under § 2501 begins to run "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez v. United States*, 333 F.3d 1295, 1303-04 (Fed. Cir. 2003) (citing *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)). In a military discharge case, a plaintiff's cause of action for back pay "accrues all at once at the time of discharge; the claim for back pay is not a 'continuing claim' that accrues each time a payment would be due throughout the period that the service member would have remained on active duty." *Martinez*, 333 F.3d at 1303; *see also Longhine v. United States*, 230 Ct. Cl. 920, 922 (1982). The Federal Circuit has also rejected arguments seeking to extend the accrual date for wrongful discharge beyond the discharge date. *Martinez,* 333 F.3d at 1304 (rejecting the argument that the date of accrual begins only after the service member seeks relief from a correction board and the board enters a final decision). Subsequent consideration of a plaintiff's claims by a corrections board neither tolls the running of the statute of limitations nor restarts the clock. *See Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990).[3]

Under these rubrics, in a military pay case predicated on a wrongful discharge, "[i]f the plaintiff does not file suit within the six-year limitation period prescribed in 28 U.S.C. § 2501, the plaintiff loses all rights to sue for the loss of pay stemming from the challenged discharge." *Martinez*, 333 F.3d at 1304. The filing of a request for correction from the BCNR "does not toll or restart the limitations period." *Gaylord v. United States*, No. 2025-1555, 2025 WL 2924912 at *2 (Fed. Cir. Oct. 15, 2025) (affirming dismissal of unlawful discharge claim as untimely).

The plaintiff was discharged on March 13, 2007. He filed this claim for wrongful discharge, more than 18 years after his discharge from the Navy. Neither the plaintiff's appeals nor his petition to the BCNR tolled or restarted the limitations period. Accordingly, the plaintiff's wrongful discharge claim is barred by the six-year statute of limitations. Even if the plaintiff's claims did not accrue until his conviction became final, his claim would still be untimely.[4] The Supreme Court denied the plaintiff's petition for certiorari on April 16, 2007, also more than 18 years before he filed his wrongful discharge claim on July 2, 2025. The

---

[3] There is a wrinkle to claims brought for military disability retirement under the "first competent board" rule, *see Jones v. United States*, 30 F.4th 1094, 1100 (Fed. Cir. 2022), but that rule is not applicable to the plaintiff's claims.

[4] UCMJ Article 71(c)(1), 10 U.S.C. § 871(c)(1), establishes the terminal point for proceedings within the military justice system. Under that law, the plaintiff's court-martial conviction became final when his petition for a writ of certiorari was denied by the Supreme Court on April 16, 2007.

plaintiff's claims started to accrue either on his date of discharge or on the date the Supreme Court rejected the plaintiff's petition to hear his case. In either instance, the date was more than six years before he filed this complaint. Accordingly, the claims are untimely, and the Court lacks jurisdiction to consider them under 28 U.S.C. § 2501.[5]

The plaintiff has requested that his claims be transferred under 28 U.S.C. § 1631 to the United States District Court for the District of Columbia if the Court finds dismissal is warranted in this court. Because the plaintiff has brought a claim for money damages, not a claim under the Administrative Procedure Act, the district court would not have jurisdiction over his claims. In addition, the plaintiff has already had numerous bites at the apple in two other districts. Transfer of his claims to the district court is not in the interest of justice.

## IV.    CONCLUSION

The plaintiff's claim for back pay accrued at the latest on April 16, 2007, when his petition for certiorari was denied by the Supreme Court. His direct appeals to the NMCCA and Court of Appeals and his various claims to the BCNR and in various federal courts neither tolled nor restarted the six-year statute of limitations period. The plaintiff filed his claim for wrongful discharge more than 18 years after April 16, 2007, and as a result his claims are untimely under 28 U.S.C. § 2501. Thus, the Court lacks jurisdiction over the plaintiff's claims. Therefore, the defendant's motion to dismiss (ECF 17) is **GRANTED**, and the case is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[5] Because the plaintiff's claims are untimely, they must be dismissed. *See* RCFC 12(b)(1), (h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Accordingly, the Court does not consider whether the plaintiff's claims are precluded under the doctrines of res judicata or collateral estoppel.